UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE:

Peter J. Cresci, I,

Debtor.

American Mortgage Investment Partners Management, LLC as Servicer for Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust VIII-C

    *Movant/Appellee*,

   v.

Peter J. Cresci, I,

    *Respondent/Appellant*.

No. 2:25-cv-02615 (MEF)

**OPINION and ORDER**

\* \* \*

The Appellee[1] moves to dismiss this bankruptcy appeal. See Motion to Dismiss Appeal (ECF 5).

The argument: the Appellant[2] has not properly designated the record for appeal, as required by Federal Rule of Bankruptcy Procedure 8009(a). See id. ¶¶ 8, 11, 19-21, 25; Reply to

---

[1] American Mortgage Investment Partners Management, LLC, as Servicer for Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust VIII-C.

[2] Peter J. Cresci, I.  The Appellant is proceeding pro se. See Notice of Appeal and Statement of Election (ECF 1) at 2.

Response to Motion to Dismiss Appeal ("Appellee's Reply") (ECF 15) at 1-2.

The motion is denied.

\*   \*   \*

The Appellee zeros-in on two missing items, and contends these gaps in the record require dismissal. See Appellee's Reply at 2.

\*   \*   \*

First, the Appellee notes that the Appellant has "failed to designate any proofs of claim." Id.

But Rule 8009(a) lists out what must be included in the record on appeal. Proofs of claim are not on the list, see Fed. R. Bankr. P. 8009(a)(4), and the Appellee cites no authority for the idea that such proofs must be included.

\*   \*   \*

Second, the Appellee points out that "the Appellant has not included transcripts." Appellee's Reply at 2.

A transcript sometimes must be designated. But the Appellee has not explained why transcripts are required in this case.

A transcript, for example, must be designated if it memorializes an oral ruling. See Fed. R. Bankr. P. 8009(a)(4).

But the Appellee says nothing about that here.

And another example: a transcript must be designated when an appellant orders a transcript that he "considers necessary for the appeal." See id. 8009(a)(4), (b)(1)(A).

But there is no suggestion that the Appellant in this case has deemed any transcripts "necessary for the appeal." Id. 8009(b)(1)(A).

And in the absence of any indication that that sort of determination was made by the Appellant --- immediate dismissal is not appropriate. See In re Harris, 464 F.3d 263, 272-73 (2d Cir. 2006) (vacating the dismissal of a bankruptcy appeal where a pro se appellant "did not believe the transcript was necessary" and did not have "an opportunity to respond"); see also In re Heine, 2022 WL 883938, at \*2 (3d Cir. Mar. 24, 2022)

("failure to provide transcripts alone does not usually justify dismissal").

Bottom line: the Appellee's motion to dismiss is denied. The Appellee has (a) has put forward no authority as to why proofs of claim must be designated; and (b) has not explained why transcripts must be designated here, in this case.

\* \* \*

The Clerk of Court shall mail a copy of this Opinion and Order to the Appellant at the address listed on ECF.

\* \* \*

IT IS on this 14th day of November, 2025, **SO ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.